Cesar M. Dulanto (SBN 318650)
cesar@dulantolaw.com
DULANTO LAW, APC
12636 High Bluff Drive, Suite 400
San Diego, CA, 92130
Telephone: (833) 463-8526

*Attorney for Plaintiff Hoop Trailer LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOP TRAILER LLC, a California limited liability company,<br><br>                              Plaintiff,<br><br>   vs.<br><br>ELECTRIC HOOPS LLC, a Georgia limited liability company; DARREON HERRING, an individual; and DOES 1 through 50, inclusive,<br><br>                              Defendants. | Case No. **'26CV3117 BAS MMP**<br><br>**COMPLAINT FOR:**<br><br>1) **Trade Dress Infringement**<br>2) **False Designation of Origin / Unfair Competition**<br>3) **Trademark Infringement**<br>4) **False Advertising**<br>5) **Contributory Trademark and Trade Dress Infringement**<br>6) **Intentional Interference with Prospective Economic Advantage**<br>7) **Violation of California Business & Professions Code § 17200 et seq.**<br>8) **Common Law Unfair Competition**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

COMPLAINT

# **INTRODUCTION**

1. Plaintiff Hoop Trailer LLC ("Hoop Trailer") brings this action arising from Defendants' deliberate and systematic copying of Hoop Trailer's distinctive coordinated commercial presentation, trade dress, branding, promotional themes, and overall visual identity associated with its mobile basketball entertainment business.

2. Hoop Trailer created and developed a distinctive and recognizable consumer-facing commercial presentation and overall visual identity associated with its mobile basketball entertainment business, including coordinated branding elements, trailer-panel graphics, basketball-themed promotional materials, and related imagery that became associated in the marketplace with Hoop Trailer as the source of the associated commercial offerings.

3. After becoming aware of Hoop Trailer and Hoop Trailer's commercial presentation, Defendants intentionally replicated Hoop Trailer's consumer-facing commercial presentation and overall visual identity by identifying Hoop Trailer's manufacturer, obtaining the same custom basketball arcade game systems previously developed and used by Hoop Trailer, and recreating substantially similar competing commercial presentations and marketplace offerings for nationwide sale and distribution.

4. The mobile basketball entertainment marketplace includes multiple competitors utilizing materially different commercial and visual approaches, including differing trailer styles, mobile platform concepts, transport and installation models, branding approaches, graphics, promotional themes, and overall marketplace presentations.

5. Despite the availability of numerous alternative commercial, visual, and operational approaches within the marketplace, Defendants deliberately chose to closely replicate Hoop Trailer's coordinated commercial presentation,

consumer-facing promotional materials, and overall visual identity to trade on Hoop Trailer's marketplace recognition and goodwill.

6. Defendants' conduct was not accidental or independently developed. Defendants knowingly copied and closely mirrored Hoop Trailer's marketplace presentation and overall visual identity because Defendants believed they could market and sell competing offerings at lower cost while trading on Hoop Trailer's goodwill, consumer recognition, marketplace recognition, and prior marketplace presence.

7. Defendants additionally promoted their competing products using false and misleading first-to-market representations despite Defendants' prior knowledge of Hoop Trailer, Hoop Trailer's earlier-developed commercial offerings, and Hoop Trailer's existing commercial operations and marketplace presence.

8. Defendants have continued expanding their infringing activities despite direct notice from Hoop Trailer, including by marketing and selling substantially similar competing commercial offerings nationwide, including within California, continuing to publish promotional content after receiving notice of Hoop Trailer's claims, and promoting downstream operators using substantially similar commercial presentations and overall visual impressions.

9. Defendant Darreon Herring personally directed, controlled, participated in, and approved the infringing conduct alleged herein, including the marketing, promotion, sale, expansion, and continued publication of promotional content relating to the challenged commercial presentations and marketplace offerings.

10. Defendants' conduct has caused actual consumer confusion, diverted prospective customers, interfered with Hoop Trailer's business relationships and market opportunities, damaged Hoop Trailer's goodwill and commercial reputation, and caused ongoing irreparable harm for which monetary damages alone are inadequate.

# JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

12. This Court has supplemental jurisdiction over Hoop Trailer's related state-law claims pursuant to 28 U.S.C. § 1367.

13. This Court has personal jurisdiction over Defendants because Defendants purposefully directed and continue to direct their conduct toward California, knowingly caused harm to a California business, and engaged in substantial marketing, promotional, sales, and marketplace conduct targeting California consumers and the California marketplace.

14. Defendants marketed, offered for sale, sold, distributed, and shipped substantially similar competing commercial offerings into California, including through transactions involving California purchasers and deliveries into California.

15. Defendants sold and shipped substantially similar competing commercial offerings into California, including, but not limited to, transactions involving San Francisco and Fontana, California.

16. Defendants advertised and promoted their competing commercial offerings nationwide, including to California consumers, through interactive websites, social media platforms, online promotional content, and direct commercial communications designed to solicit customers throughout the United States, including within California.

17. Defendant Herring personally participated in and directed the conduct giving rise to this action, including communications, marketing activities, promotional content, sales-related conduct, and other marketplace-directed conduct targeting California and the United States marketplace.

18. Defendants knowingly and intentionally competed with Hoop Trailer in California, knowingly targeted Hoop Trailer's market and customer base, and

COMPLAINT

knew or reasonably should have known that the effects of their conduct would be suffered by Hoop Trailer in California.

19. Defendants' contacts with California arise directly from and relate to the claims asserted in this action.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and harm giving rise to Hoop Trailer's claims occurred in this District. Hoop Trailer maintains its principal place of business in San Diego County, California, and Defendants knowingly directed their conduct toward Hoop Trailer and the California marketplace, causing substantial injury to Hoop Trailer within this District.

## PARTIES

21. Plaintiff Hoop Trailer LLC ("Hoop Trailer") is a California limited liability company with its principal place of business located at 11339 Red Cedar Ln., San Diego, CA 92131.

22. Hoop Trailer is informed and believes that Defendant Electric Hoops LLC ("Electric Hoops") is a Georgia limited liability company doing business throughout the United States. On information and belief, Electric Hoops' principal place of business is located at 1635 McClelland Ave., Atlanta, Georgia 30344.

23. Hoop Trailer is informed and believes that Defendant Darreon Herring ("Herring") is an individual residing in Georgia and is the founder, owner, operator, and controlling individual of Electric Hoops.

24. Hoop Trailer is informed and believes that Herring personally directed, controlled, authorized, participated in, and approved the infringing and wrongful conduct alleged herein, including the marketing, promotion, sale, expansion, and continued publication of promotional content relating to the challenged commercial presentations and marketplace offerings.

COMPLAINT

25. Hoop Trailer is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and will amend this Complaint when their identities become known.

## FACTUAL ALLEGATIONS

**A.   Hoop Trailer's Marketplace Development and Commercial Presentation**

26. Plaintiff Hoop Trailer created and developed a distinctive mobile basketball entertainment business centered around a recognizable consumer-facing commercial presentation and overall visual identity associated with its branding elements, trailer-panel graphics, basketball-themed promotional materials, and coordinated marketplace identity.

27. Hoop Trailer invested substantial time, effort, labor and resources into developing, refining, marketing, promoting, and expanding its coordinated branding elements, promotional materials, consumer-facing visual identity, marketplace presence, and overall commercial identity associated with its mobile basketball entertainment business.

28. Hoop Trailer launched its mobile basketball entertainment business in approximately June 2024 and, prior to Defendants' infringing conduct, developed substantial consumer recognition, goodwill, and marketplace association relating to Hoop Trailer's coordinated commercial presentation and overall visual identity.

29. Hoop Trailer's coordinated commercial presentation and overall visual identity became recognized in the marketplace through its branding elements, trailer-panel graphics, basketball-themed promotional presentation, social-media visibility, and coordinated consumer-facing marketplace presentation.

30. Hoop Trailer has secured federal trademark registration protection relating to its branding and commercial identity used in connection with its mobile basketball entertainment business.

31. Hoop Trailer marketed and promoted its commercial offerings nationwide through social media platforms, online video content, customer events, commercial partnerships, and other promotional efforts, generating substantial public exposure and consumer engagement. As a result, Hoop Trailer amassed thousands of social media followers, was featured in news and media coverage, and generated online video content viewed millions of times and generating hundreds of thousands of consumer interactions, including likes, comments, and shares.

32. Prior to Defendants' infringing conduct, Hoop Trailer had established a growing network of operators, customers, and commercial relationships across multiple states throughout the United States.

33. Through extensive promotion, public exposure, marketplace recognition, social-media visibility, customer interaction, and commercial use, consumers and members of the public came to associate Hoop Trailer's marketplace presentation and overall visual identity with Hoop Trailer as the source of the associated commercial offerings and promotional materials.

34. Hoop Trailer's coordinated commercial presentation and overall visual identity generated substantial marketplace recognition and actual consumer association, including customer inquiries, consumer comments, and instances of actual confusion regarding whether Defendants were affiliated with Hoop Trailer and whether Hoop Trailer or Defendants originated the coordinated commercial presentation and related commercial offerings at issue.

35. On information and belief, Defendants became aware of Hoop Trailer and Hoop Trailer's coordinated commercial presentation, visual identity, and growing marketplace recognition before intentionally launching substantially similar competing commercial presentations and marketplace offerings.

36. Despite the availability of numerous alternative branding approaches, graphics, promotional presentations, trailer presentations, and overall commercial

COMPLAINT

appearances within the mobile basketball entertainment marketplace, Defendants deliberately chose to closely mirror Hoop Trailer's coordinated commercial presentation and overall visual identity rather than develop materially distinct commercial presentations or branding approaches.

**B.    Hoop Trailer's Coordinated Commercial Presentation and Trade Dress**

37.  Hoop Trailer's trade dress consists of the distinctive coordinated commercial presentation, visual identity, and overall commercial impression associated with Hoop Trailer's mobile basketball entertainment business, including the coordinated appearance and combination of multiple non-functional visual, branding, and promotional elements that together create a recognizable, distinctive, and source-identifying marketplace identity associated with Hoop Trailer.

38.  The overall commercial impression of Hoop Trailer's trade dress includes, among other things, the coordinated consumer-facing appearance and visual identity of:

a.  a unified and coordinated basketball-themed entertainment appearance associated with Hoop Trailer's mobile entertainment business;

b.  a consistent and recognizable coordinated visual appearance of basketball arcade features and basketball-themed entertainment elements;

c.  the coordinated consumer-facing visual appearance visible from the trailer opening;

d.  the coordinated consumer-facing appearance of the trailer exterior, basketball-themed graphics, branding elements, and arcade-themed promotional materials as part of a unified entertainment offering;

e.  the placement, prominence, and appearance of basketball-themed graphics, branding, and related visual elements;

f.  the arrangement and appearance of large-format basketball-related text and promotional messaging; and

COMPLAINT

g.  the overall commercial impression created by the coordinated combination and consumer-facing appearance of these and related elements.

39. Hoop Trailer's trade dress is distinctive, recognizable, and non-functional.

40. Hoop Trailer's asserted trade dress rights arise from the combined overall commercial impression and coordinated consumer-facing presentation of the elements described herein, rather than from any isolated feature considered independently.

41. Hoop Trailer does not claim exclusive rights in any isolated individual feature considered independently, but rather in the distinctive and source-identifying overall commercial impression created by the coordinated commercial presentation of the elements described herein. The distinctiveness of Hoop Trailer's trade dress arises from the coordinated combination and consumer-facing presentation of those elements as a whole rather than from any utilitarian aspect of any individual element viewed in isolation.

42. Numerous alternative branding approaches, trailer presentations, graphics, promotional approaches, visual presentations, and overall commercial appearances are reasonably available and commercially feasible within the mobile basketball entertainment marketplace.

43. Mobile basketball entertainment businesses and commercial offerings can and have been presented using a variety of materially different business models, vehicle formats, branding approaches, promotional themes, graphics, consumer-facing visual identities, and overall commercial appearances, including mobile trailer concepts, bus-based concepts, transportable court installations, and other distinct entertainment presentations.

44. The coordinated presentation and appearance of Hoop Trailer's trade dress elements were not dictated primarily by utilitarian or functional considerations, and numerous alternative commercial presentations and visual approaches remained reasonably available to competitors.

- 9 -

COMPLAINT

45. On information and belief, Defendants intentionally copied and closely mirrored Hoop Trailer's overall commercial impression and visual identity to trade on Hoop Trailer's goodwill, consumer recognition, marketplace recognition, and commercial reputation rather than adopting materially distinct marketplace identities or branding approaches.

**C.    Defendants' Deliberate Mimicry of Hoop Trailer's Commercial Presentation and Visual Identity**

46. Defendants became aware of Hoop Trailer and Hoop Trailer's visual identity and marketplace recognition prior to launching Defendants' competing commercial offerings.

47. After becoming aware of Hoop Trailer and its visual identity, Defendants intentionally identified and located Hoop Trailer's manufacturer and, after providing the manufacturer with images and information relating to Hoop Trailer's branding, promotional materials, and commercial offerings, obtained the same custom basketball arcade game systems previously used by Hoop Trailer as part of Defendants' efforts to recreate substantially similar competing marketplace presentations and commercial offerings.

48. Defendants then recreated, marketed, and promoted competing mobile basketball entertainment offerings incorporating substantially similar coordinated visual appearances, branding elements, promotional themes, and overall commercial impressions.

49. Defendants copied and closely mirrored numerous aspects of Hoop Trailer's coordinated commercial presentation and visual identity, including its branding elements, trailer-panel graphics, coordinated visual appearance, and customer-facing promotional themes.

50. Despite the availability of numerous alternative branding approaches, promotional themes, graphics, trailer formats, and consumer-facing marketplace identities within the mobile entertainment industry, Defendants

COMPLAINT

deliberately chose to closely mirror Hoop Trailer's coordinated commercial presentation and visual identity rather than develop a materially distinct branding or marketplace identity.

51. On information and belief, other mobile basketball entertainment businesses and competitors within the marketplace have adopted materially different branding approaches, graphics, promotional themes, vehicle formats, consumer-facing visual identities, and overall marketplace appearances rather than closely mirroring Hoop Trailer's coordinated commercial presentation and visual identity.

52. Defendants also copied and closely mirrored Hoop Trailer's marketing presentation, promotional messaging, basketball-themed branding approach, website promotional presentation, and overall consumer-facing commercial presentation.

53. Defendants adopted branding and promotional elements incorporating "Hoops" terminology together with basketball-themed imagery, large-format "Basketball Arcade" promotional text, coordinated trailer-panel graphics, and substantially similar consumer-facing commercial presentations as part of Defendants' broader efforts to closely mirror Hoop Trailer's visual identity and marketplace presence.

54. On information and belief, Defendants intentionally copied Hoop Trailer's coordinated commercial presentation and overall visual identity to capitalize on Hoop Trailer's goodwill, consumer recognition, and marketplace recognition rather than developing materially distinct branding approaches, promotional presentations, or overall commercial presentations.

55. Defendants additionally promoted their competing products using false and misleading first-to-market representations, including statements and promotional content describing Defendants' products as the "First Mobile Basketball Arcade Trailer" and similar claims despite Defendants' prior

- 11 -

COMPLAINT

knowledge of Hoop Trailer, Hoop Trailer's earlier-developed commercial offerings, and Hoop Trailer's existing marketplace presence.

56. Defendant Herring personally participated in and directed the development, marketing, promotion, expansion, and sale of Defendants' competing commercial offerings and consumer-facing presentation.

57. Herring personally communicated with Hoop Trailer regarding Defendants' competing activities and, on information and belief, was directly involved in the decisions to recreate and promote commercial offerings, branding, and consumer-facing visual presentations substantially similar to those associated with Hoop Trailer.

**D.   Defendants' Admissions and Willful Conduct**

58. Defendant Herring personally communicated with Hoop Trailer regarding Defendants' competing activities, Defendants' continued marketplace conduct, and potential resolution of the dispute.

59. During those communications, Herring acknowledged that Defendants were intentionally competing against Hoop Trailer using commercial offerings, branding, and consumer-facing visual presentations modeled after Hoop Trailer's coordinated commercial presentation and visual identity.

60. Defendant Herring stated, among other things, that preventing Defendants from continuing to build competing trailers would allow Hoop Trailer to "create a monopoly in this space."

61. Herring further acknowledged his awareness of Hoop Trailer's operations and revenue structure, including by referencing the profitability of trailer sales and licensing-related revenue associated with Hoop Trailer's operations.

62. Herring additionally stated that Defendants could generate substantial revenue from competing trailer sales and represented that the monetary offer Hoop Trailer had made in connection with stopping Defendants' challenged conduct

COMPLAINT

"doesn't even come close to reflecting the value of my business, especially considering that I can generate well over that with the sale of a single trailer."

63. Herring further represented that he understood "business, design patents, and manufacturing," claimed that he had consulted with patent counsel regarding the challenged conduct, and asserted that he was not concerned about Hoop Trailer's position regarding the challenged conduct.

64. Despite Defendants' prior knowledge of Hoop Trailer, Hoop Trailer's earlier-developed commercial offerings, and Hoop Trailer's business operations, Defendants continued promoting their competing commercial offerings using false first-to-market representations describing Defendants' offerings as the "First Mobile Basketball Arcade Trailer" and similar claims.

65. Herring additionally threatened to expand Defendants' competing activities by selling trailer blueprints, connecting buyers with manufacturers capable of producing substantially similar commercial offerings, and "open the floodgates" to additional competing operators and marketplace participants.

66. On information and belief, Herring made these statements during efforts by Hoop Trailer to resolve the dispute without litigation and stop Defendants' ongoing infringing and competing conduct.

67. Despite Hoop Trailer's efforts to resolve the dispute without litigation through direct communications and attempts to negotiate a business resolution, Defendants continued and expanded their competing and infringing conduct.

68. Even after receiving formal notice of Hoop Trailer's claims and demand for cessation of the challenged conduct, Defendants continued publishing promotional content and marketing the challenged commercial offerings through social media and other public promotional channels, including through sponsored or boosted online promotional content.

69. On information and belief, Defendants published at least two additional promotional videos relating to the challenged commercial offerings

COMPLAINT

approximately two days and four days after receiving Hoop Trailer's demand letter despite having substantially reduced or paused similar promotional activity beforehand. Those promotional videos collectively generated thousands of public views shortly after publication.

70. Defendants' conduct was intentional, knowing, willful, and undertaken with knowledge of Hoop Trailer, Hoop Trailer's coordinated commercial presentation and visual identity, and Hoop Trailer's legal claims.

**E.   Marketplace Confusion and Mistaken Association**

71. Defendants' conduct has caused actual confusion in the marketplace and is likely to continue causing confusion, mistake, deception, and mistaken association regarding the origin, affiliation, association, sponsorship, and source of Defendants' commercial offerings and their relationship to Hoop Trailer.

72. Customers, prospective customers, and members of the public have contacted Hoop Trailer regarding Defendants' products and questioned whether Defendants were affiliated with Hoop Trailer, whether Hoop Trailer endorsed or authorized Defendants' products, and whether Defendants' products originated with or were associated with Hoop Trailer.

73. Consumers and members of the public expressed actual confusion regarding the source, origin, affiliation, or association of Defendants' products and commercial presentations, including inquiries and comments suggesting that Hoop Trailer had copied Defendants' commercial presentation, questioning whether Defendants were affiliated with Hoop Trailer, and stating words to the effect of "I thought a guy in Atlanta started this"—apparently referring to Herring.

74. Hoop Trailer has received multiple inquiries, communications, comments, and online interactions concerning Defendants' conduct, including communications describing Defendants' offerings as the "exact same trailer" as Hoop Trailer's,

"just in a different color scheme," and reflecting confusion, mistaken association, reputational harm, and uncertainty regarding the relationship between Defendants and Hoop Trailer.

75. The confusion experienced by consumers and members of the public was not limited to generalized marketplace competition, but included confusion regarding authorship, origin, affiliation, sponsorship, association, and which company originally created and developed the coordinated commercial presentation and visual identity at issue.

76. Actual marketplace confusion occurred notwithstanding the slightly differing company names and exterior branding because consumers associated the overall coordinated commercial presentation, visual identity, and marketplace appearance with Hoop Trailer.

77. Defendants' continued promotion, marketing, and sale of the challenged commercial offerings is likely to continue causing consumer confusion absent judicial intervention.

**F.    Lost Sales, Business Interference, and Market Diversion**

78. Defendants intentionally marketed and sold competing commercial offerings using branding elements, visual identities, and trade dress substantially similar to those associated with Hoop Trailer.

79. Defendants additionally marketed substantially similar competing commercial offerings at materially lower prices to divert prospective customers, operators, and business opportunities away from Hoop Trailer.

80. As a result of Defendants' conduct, Hoop Trailer lost prospective business opportunities, customer relationships, sales opportunities, and market goodwill.

81. Defendants' activities additionally diminished the value of Hoop Trailer's operator relationships, existing customer goodwill, and related business opportunities by introducing substantially similar competing commercial

offerings into markets in which Hoop Trailer had already established commercial presence and consumer recognition.

82. Prospective customers and operators who had expressed interest in Hoop Trailer's offerings instead elected to proceed with Defendants.

83. Hoop Trailer received communications from prospective customers and members of the public specifically referencing the substantial similarity between Defendants' and Hoop Trailer's offerings, including communications stating that Defendants were offering "something similar for $15k less" that "looks a lot like" Hoop Trailer's products.

84. Hoop Trailer is informed and believes that Defendants intentionally used Hoop Trailer's coordinated commercial presentation, visual identity, marketplace recognition, and promotional themes to compete for and divert prospective customers and operators from Hoop Trailer.

85. Defendants knew of Hoop Trailer's existing and prospective economic relationships and intentionally interfered with those relationships through independently wrongful conduct, including infringement, unfair competition, false designation of origin, intentional commercial mimicry, and misleading marketplace conduct.

**G.   Downstream Expansion and Induced Infringement**

86. Defendants manufactured, marketed, and sold competing mobile basketball entertainment trailer offerings to downstream operators, purchasers, and third parties.

87. On information and belief, Defendants encouraged and facilitated the operation and promotion of substantially similar competing commercial offerings under different business names and color schemes while maintaining substantially similar visual identities and overall commercial impressions likely to cause consumer confusion, mistaken association, and false perceptions regarding source, affiliation, or sponsorship.

- 16 -
COMPLAINT

88. Examples of downstream operators and competing businesses promoted or supplied by Defendants include, among others, businesses operating under names such as "Curbside Hoops Mobile Basketball Arcade," "Hoop There It Is Mobile Basketball Arcade," and "Wholehearted Hoops Mobile Basketball Arcade."

89. On information and belief, Defendants supplied or promoted substantially similar mobile basketball trailer offerings to these and other operators while allowing or encouraging the use of different exterior wraps, colors, and business names in connection with otherwise substantially similar coordinated visual appearances and overall commercial impressions.

90. Defendants' website and promotional materials included representations concerning "Custom Mobile Basketball Arcade Trailers – Built to Your Brand," through which Defendants promoted the creation and supply of substantially similar competing commercial offerings using different exterior wraps, colors, and business names while maintaining substantially similar coordinated visual appearances and overall commercial impressions.

91. Defendants additionally published comparative promotional materials comparing Defendants' commercial offerings against "other brands" while promoting Defendants' offerings as superior alternatives within the marketplace. On information and belief, Defendants' comparative advertising materials referenced and targeted Hoop Trailer's commercial presentation, pricing approaches, operator-related practices, and marketplace presence while implying that Defendants originated or improved upon the underlying marketplace concept despite the substantial similarity of Defendants' commercial presentation and overall commercial impression.

92. Herring additionally threatened to further expand Defendants' competing activities by distributing trailer blueprints, connecting prospective purchasers

COMPLAINT

with manufacturers, and "open the floodgates" to additional competing products and operators.

93. On information and belief, Defendants knowingly encouraged, facilitated, induced, and contributed to the continued use, promotion, marketing, and operation of commercial offerings and commercial appearances substantially similar to those associated with Hoop Trailer and likely to cause consumer confusion, mistaken association, and false perceptions regarding affiliation or source.

94. On information and belief, Defendants continue expanding the distribution, promotion, and proliferation of substantially similar competing commercial offerings and commercial appearances throughout the United States, including through additional trailer sales, downstream operators, sponsored promotional content, and continued online marketing efforts, thereby increasing marketplace confusion and ongoing irreparable harm to Hoop Trailer.

**FIRST CAUSE OF ACTION**
**Trade Dress Infringement**

95. Hoop Trailer realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

96. Hoop Trailer owns protectable trade dress rights in the distinctive and source-identifying coordinated commercial presentation and overall commercial impression associated with Hoop Trailer's mobile basketball entertainment business and related commercial offerings.

97. Hoop Trailer's trade dress, including the coordinated commercial presentation and overall commercial impression described above, is distinctive, non-functional, and had acquired secondary meaning in the marketplace prior to Defendants' infringing conduct through extensive use, advertising, promotion, social-media exposure, consumer recognition, marketplace visibility, and

- 18 -
COMPLAINT

actual consumer association identifying Hoop Trailer as the source of the associated commercial offerings and promotional materials.

98. Defendants knowingly and intentionally used in commerce commercial presentations, branding elements, promotional materials, and coordinated commercial appearances substantially similar to Hoop Trailer's trade dress in connection with the marketing, promotion, offering for sale, and sale of competing commercial offerings.

99. Defendants' conduct has caused and is likely to continue causing confusion, mistake, deception, mistaken association, and false perceptions regarding the source, affiliation, sponsorship, approval, association, or origin of Defendants' commercial offerings, promotional materials, and coordinated commercial appearance.

100. Defendants' conduct was intentional, knowing, willful, and undertaken to capitalize on Hoop Trailer's goodwill, consumer recognition, marketplace recognition, and commercial reputation.

101. As a direct and proximate result of Defendants' conduct, Hoop Trailer has suffered and continues to suffer damages, loss of goodwill, loss of business opportunities, reputational harm, marketplace confusion, and irreparable injury for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION
**False Designation of Origin / Unfair Competition**

102. Hoop Trailer realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

103. Defendants used in commerce false and misleading designations, descriptions, representations, commercial presentations, and promotional materials in connection with the advertising, promotion, offering for sale, and sale of competing commercial offerings.

104. Defendants intentionally copied and closely mirrored Hoop Trailer's coordinated commercial presentation, promotional themes, and overall commercial impression to compete with Hoop Trailer and capitalize on Hoop Trailer's goodwill, consumer recognition, marketplace recognition, and commercial reputation.

105. Defendants additionally used false and misleading commercial representations, including first-to-market claims and comparative promotional materials, despite prior knowledge of Hoop Trailer, Hoop Trailer's earlier-developed commercial offerings, and Hoop Trailer's preexisting business operations.

106. Defendants' conduct has caused and is likely to continue causing confusion, mistake, deception, mistaken association, and false perceptions regarding the source, affiliation, sponsorship, approval, association, origin, or relationship of Defendants' commercial offerings, promotional materials, and coordinated commercial appearance.

107. Defendants' conduct was intentional, knowing, willful, and undertaken in bad faith.

108. As a direct and proximate result of Defendants' conduct, Hoop Trailer has suffered and continues to suffer damages, diverted sales, loss of goodwill, reputational harm, loss of business opportunities, marketplace confusion, and irreparable injury for which there is no adequate remedy at law.

### THIRD CAUSE OF ACTION
**Trademark Infringement**

109. Hoop Trailer realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

110. Hoop Trailer owns federally registered trademark rights, including United States Trademark Registration No. 8257727, together with related common-law trademark rights, in connection with its logos, basketball-themed visual identifiers, and other source-identifying branding materials used in connection

- 20 -
COMPLAINT

with its mobile basketball entertainment business and related promotional materials.

111. Hoop Trailer has continuously used its trademarks, logos, basketball-themed visual identifiers, and related source-identifying branding materials in commerce in connection with its mobile basketball entertainment business prior to Defendants' challenged conduct.

112. Defendants adopted and used confusingly similar branding elements, basketball-themed visual identifiers, logos, promotional materials, and other source-identifying materials in connection with substantially similar competing commercial offerings.

113. Among other things, Defendants used branding and promotional materials incorporating basketball-themed imagery, large-format basketball-related promotional text, coordinated branding elements, and "Hoops" terminology in connection with substantially similar commercial offerings and promotional materials.

114. Defendants' use of confusingly similar branding and source-identifying materials has caused and is likely to continue causing confusion, mistake, deception, mistaken association, and false perceptions regarding the source, affiliation, sponsorship, approval, association, or origin of Defendants' commercial offerings and promotional materials.

115. Defendants acted intentionally, knowingly, and willfully to capitalize on Hoop Trailer's goodwill, consumer recognition, and established market presence.

116. As a direct and proximate result of Defendants' conduct, Hoop Trailer has suffered and continues to suffer damages, reputational harm, loss of goodwill, marketplace confusion, and irreparable injury for which there is no adequate remedy at law.

COMPLAINT

**FOURTH CAUSE OF ACTION**
**False Advertising**

117. Hoop Trailer realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

118. Defendants made false and misleading commercial representations in commerce in connection with the advertising, marketing, promotion, offering for sale, and sale of competing commercial offerings.

119. Among other things, Defendants promoted their competing commercial offerings using false and misleading first-to-market representations, including statements and promotional content describing Defendants' offerings as the "First Mobile Basketball Arcade Trailer" and similar claims despite Defendants' prior knowledge of Hoop Trailer's earlier-developed commercial offerings and preexisting business operations.

120. Defendants additionally published comparative promotional materials and marketing content presenting Defendants' competing commercial offerings as superior alternatives to "other brands" while referencing and targeting features, pricing approaches, operator-related practices, and consumer-facing commercial materials associated with Hoop Trailer and implying that Defendants' competing offerings were superior alternatives to Hoop Trailer's marketplace presence and commercial offerings.

121. Defendants' commercial representations, promotional materials, comparative advertising, and related omissions were false, misleading, deceptive, and likely to deceive consumers and prospective customers regarding the source, affiliation, sponsorship, association, originality, marketplace history, or commercial relationship of Defendants' commercial offerings and coordinated commercial appearance.

122. Defendants' conduct was intentional, knowing, willful, and undertaken in bad faith.

- 22 -
COMPLAINT

123. As a direct and proximate result of Defendants' conduct, Hoop Trailer has suffered and continues to suffer damages, diverted sales, loss of goodwill, reputational harm, loss of business opportunities, marketplace confusion, and irreparable injury for which there is no adequate remedy at law.

### FIFTH CAUSE OF ACTION
### Contributory Trademark and Trade Dress Infringement

124. Hoop Trailer realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

125. On information and belief, Defendants knowingly manufactured, marketed, supplied, promoted, facilitated, and distributed substantially similar competing commercial offerings and coordinated commercial appearances to downstream operators, purchasers, and third parties.

126. Defendants additionally encouraged and facilitated the use of substantially similar branding elements, coordinated commercial appearances, and consumer-facing promotional materials by downstream operators and third parties operating under varying business names.

127. Defendants knew or had reason to know that downstream operators and third parties were using substantially similar coordinated commercial appearances, branding elements, and promotional materials likely to cause confusion, mistake, deception, mistaken association, or false perceptions regarding source, affiliation, sponsorship, approval, association, or origin.

128. Despite such knowledge, Defendants intentionally continued facilitating, promoting, encouraging, supplying, and expanding the use of substantially similar competing commercial offerings and coordinated commercial appearances.

129. Defendants' conduct was intentional, knowing, willful, and undertaken in bad faith.

130. As a direct and proximate result of Defendants' conduct, Hoop Trailer has suffered and continues to suffer damages, loss of goodwill, marketplace confusion, reputational harm, diminished operator relationships and market opportunities, and irreparable injury for which there is no adequate remedy at law.

## SIXTH CAUSE OF ACTION
### Intentional Interference with Prospective Economic Advantage

131. Hoop Trailer realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

132. Hoop Trailer had existing and prospective economic relationships with customers, prospective customers, operators, prospective operators, business partners, and related commercial opportunities carrying the probable likelihood of future economic benefit.

133. Defendants knew of Hoop Trailer's business relationships, customer base, operator relationships, market opportunities, and prospective economic relationships.

134. Defendants intentionally interfered with those relationships and opportunities through independently wrongful conduct, including trade dress infringement, false designation of origin, unfair competition, false advertising, intentional copying of Hoop Trailer's coordinated commercial presentation, misleading commercial conduct, and related unlawful business practices.

135. Defendants' conduct disrupted and interfered with Hoop Trailer's prospective sales opportunities, operator relationships, customer goodwill, prospective economic relationships, and related business opportunities.

136. As a direct and proximate result of Defendants' conduct, Hoop Trailer suffered and continues to suffer damages, diverted business opportunities, reputational harm, diminished operator relationships and market opportunities, loss of goodwill, and related economic harm.

COMPLAINT

## SEVENTH CAUSE OF ACTION
### California Business & Professions Code § 17200 et seq.

137. Hoop Trailer realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

138. Defendants engaged in unlawful, unfair, and deceptive business acts and practices within the meaning of California Business and Professions Code § 17200 et seq.

139. Defendants' unlawful business acts and practices include, among other things, trade dress infringement, false designation of origin, trademark infringement, false advertising, intentional interference with prospective economic advantage, misleading commercial conduct, and related violations of federal and California law.

140. Defendants' conduct was unfair because, among other things, Defendants intentionally copied and closely mirrored Hoop Trailer's coordinated commercial presentation and overall commercial impression, promoted misleading first-to-market representations, exploited Hoop Trailer's goodwill and marketplace recognition, and interfered with Hoop Trailer's business relationships and market opportunities.

141. Defendants' conduct was deceptive, misleading, and unfair because Defendants' commercial representations, comparative marketing, promotional materials, branding elements, and marketplace conduct were likely to deceive consumers, prospective customers, operators, and members of the public regarding the origin, affiliation, originality, sponsorship, approval, association, or commercial standing of Defendants' commercial offerings and coordinated commercial appearance.

142. Defendants' conduct caused and continues to cause harm to Hoop Trailer, consumers, prospective customers, operators, and the public.

- 25 -
COMPLAINT

143. As a direct and proximate result of Defendants' conduct, Hoop Trailer suffered and continues to suffer damages, loss of goodwill, diverted business opportunities, reputational harm, marketplace confusion, and irreparable injury entitling Hoop Trailer to injunctive and equitable relief.

## EIGHTH CAUSE OF ACTION
### Common Law Unfair Competition

144. Hoop Trailer realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

145. Defendants engaged in unfair competition, wrongful commercial conduct, and unfair business practices by intentionally copying and exploiting Hoop Trailer's coordinated commercial presentation, overall commercial impression, marketplace recognition, promotional themes, and goodwill.

146. Defendants' conduct included, among other things, intentional copying, misleading commercial representations, deceptive comparative marketing, false first-to-market claims, marketplace confusion, interference with business relationships and opportunities, and the promotion and proliferation of substantially similar competing commercial offerings and coordinated commercial appearances.

147. Defendants' conduct was intentional, knowing, willful, and undertaken in bad faith to compete unfairly with Hoop Trailer and capitalize on Hoop Trailer's consumer recognition, goodwill, marketplace recognition, and commercial reputation.

148. As a direct and proximate result of Defendants' conduct, Hoop Trailer suffered and continues to suffer damages, diverted business opportunities, reputational harm, loss of goodwill, marketplace confusion, diminished operator relationships and market opportunities, and related economic harm.

COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hoop Trailer LLC respectfully prays for judgment against Defendants, and each of them, as follows:

1. For preliminary, permanent, and injunctive relief prohibiting Defendants and all persons acting in concert with them from engaging in the unlawful conduct alleged herein;

2. For injunctive relief prohibiting further trade dress infringement, trademark infringement, false designation of origin, false advertising, unfair competition, misleading commercial conduct, and related unlawful business practices;

3. For an order requiring Defendants to cease marketing, promoting, advertising, manufacturing, distributing, offering for sale, and selling commercial offerings and coordinated commercial appearances that infringe upon or unfairly compete with Hoop Trailer's rights;

4. For an order requiring removal or corrective modification of misleading promotional materials, advertisements, comparative marketing materials, social media content, and related commercial representations;

5. For actual damages according to proof;

6. For disgorgement of Defendants' profits and all other monetary gains attributable to Defendants' unlawful conduct;

7. For enhanced damages and treble damages to the extent permitted by law;

8. For punitive and exemplary damages to the extent permitted by law;

9. For attorneys' fees, litigation expenses, and costs of suit to the fullest extent permitted by law;

10. For corrective advertising relief and related equitable relief;

11. For an accounting of Defendants' revenues, profits, sales, customers, operators, downstream business relationships, and related activities connected to the unlawful conduct alleged herein;

COMPLAINT

12. For destruction, recall-related relief, and other appropriate equitable remedies concerning infringing or misleading promotional materials, coordinated commercial appearances, infringing commercial offerings, and related business materials to the extent permitted by law;

13. For prejudgment and postjudgment interest as permitted by law;

14. For such other and further legal or equitable relief as the Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff Hoop Trailer LLC hereby demands a trial by jury on all issues so triable.

Dated: May 19, 2026

DULANTO LAW, APC

By:_____*Cesar M. Dulanto*_____
Cesar M. Dulanto
Attorney for Plaintiff
Hoop Trailer LLC

- 28 -
COMPLAINT